IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY K.Z. CATLETT, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-153 (JBS/AMD) |
| v. | |
| NEW JERSEY STATE POLICE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Ms. Amy K.Z. Catlett
3137 Swan Drive
Vineland, NJ 08361
        Plaintiff Pro Se

Paola F. Kaczynski, Esq.
WILLIAM J. FERREN & ASSOCIATES
1500 Market Street Suite 2920
Philadelphia, PA 19102
        Attorney for Defendants City of Vineland Police Department
        & Vineland Emergency Medical Service


**SIMANDLE**, Chief Judge:

## I.  Introduction

        Plaintiff Amy K.Z. Catlett, pro se, brings this suit
alleging a series of constitutional and common law tort claims
against the City of Vineland Police Department, Vineland
Emergency Medical Service ("EMS"), and unnamed police officers
and emergency medical technicians ("EMTs"), among others.
Plaintiff claims that she was tortiously and unconstitutionally
detained by police and medical professionals and was administered

unwanted medical treatment upon suspicion that she was suicidal.
Before the Court is a motion to dismiss by Defendants City of
Vineland Police Department and Vineland EMS [Docket Item 43].
Plaintiff Catlett opposes the motion. [Docket Item 50.]

The key inquiries for the Court are (1) whether Plaintiff
sufficiently pleads the existence of a police department or EMS
policy or custom that can be causally linked to her alleged
injury, in order to ground liability under 42 U.S.C. § 1983 and
analogous state-law claims, and (2) whether it can be determined
from the Complaint that the police and the EMTs acted reasonably
in the circumstances, thus precluding liability on state-law
claims against the moving Defendants. For the reasons explained
below, the Court will grant the motion to dismiss without
prejudice and permit Plaintiff to file a motion to amend her
complaint, consistent with this Opinion and the Court's previous
orders.

## II. Background

### A. Facts

In the afternoon of November 21, 2009, a state trooper
("Trooper Scott") received an anonymous tip that Plaintiff had
posted a suicidal message on the social networking website,
Facebook.[1] (Compl. ¶¶ 2, 13.) Plaintiff alleges that Trooper

---

[1] The Court previously recounted the facts of this case in
<u>Catlett v. New Jersey State Police</u>, No. 12-153, 2012 WL 3757005,
at *1-*2 (D.N.J. Aug. 28, 2012) and <u>Catlett v. New Jersey State</u>

Scott then contacted the Vineland Police Department ("VPD") and relayed the information about Plaintiff's suicidal posting. (Id. ¶ 13.) Plaintiff asserts that "[t]he aforesaid calls" -- those made by the unnamed "Caller(s)/Informant(s)" and Trooper Scott -- "were baseless and wrongfully and unlawfully conveyed false information" about Plaintiff to the police. (Id. ¶¶ 13, 15.)

Vineland police officers and EMTs responded to Plaintiff's residence, "removed [her] from her home and forced [her] to go to South Jersey Healthcare-Regional Medical Center in Vineland," where she claims she suffered injuries to her mouth and shoulder when medical staff attempted to restrain her, among other injuries. (Id. ¶¶ 14, 43.) Plaintiff alleges that during her interactions with the police and EMTs she "was acting peaceably and in a lawful manner." (Id. ¶ 16.) She further alleges that "no advanced call was placed to South Jersey Healthcare-Regional Medical Center to ensure that appropriately trained individuals were present to assess Plaintiff's status." (Id. ¶ 38.)

Plaintiff claims she was falsely imprisoned and otherwise injured at the medical center and "released from imprisonment during the late evening hours of November 21, 2009 . . . ." (Id. ¶ 18.) Thus, the incident lasted, at most, several hours.

**B. Complaint**

---

Police, No. 12-153, 2013 WL 941059, at *1 (D.N.J. Mar. 11, 2013). Here, the Court only recounts those facts relevant to the present motion.

Count Two alleges the VPD and Vineland EMS "[d]eprived Plaintiff of rights and liberties guaranteed her by the Constitution of the United States, the Constitution of the State of New Jersey and the laws of the State of New Jersey." (Id. ¶ 20.) The count also alleges that the police and EMTs failed to investigate and verify the information upon which they were acting and failed to take "proper steps to ensure that appropriate individuals would evaluate and assess the situation." (Id.)

Count Four alleges that the VPD "is vicariously liable for the negligent acts of its agents, servants and/or employees . . . ." (Id. ¶ 29.) Plaintiff claims that the VPD was negligent in hiring, training and supervising its officers and negligent in implementing proper procedures to ensure the safety and rights of individuals. (Id. ¶ 30.) Count Five alleges substantially similar claims against Vineland EMS. (Id. ¶¶ 32-36.) Both counts allege that Plaintiff sustained physical and emotional harm, temporary and permanent injuries, medical expenses, and a loss of earnings and earning capacity. (Id. ¶¶ 31, 36.) She seeks compensatory and punitive damages. (Id.)

### C. Procedural history

Plaintiff brought the current suit in New Jersey Superior Court, and Defendants removed the matter to this Court based on federal question jurisdiction and supplemental jurisdiction.

[Docket Item 1.] Following a motion for dismissal and summary judgment by Defendant New Jersey State Police ("NJSP"), the Court terminated the NJSP from the suit. Catlett, 2012 WL 3757005, at *2-*4. The Court denied without prejudice Plaintiff's motion for leave to file an amended complaint, because the proposed amended complaint repeated deficient claims against Defendant NJSP. Id. at *4. Plaintiff did not move to amend the complaint until opposing Defendant Dr. Dominic Diorio's motion to dismiss. [Docket Item 29]. Catlett, 2013 WL 941059, at *2.

The Court dismissed with prejudice all § 1983 and New Jersey Civil Rights Act claims against Defendant Diorio and all civil rights claims against Defendants Diane Stavoli and South Jersey Healthcare, because Plaintiff did not and could not plead those Defendants acted under color of state law. Id. at *4. The Court denied without prejudice Dr. Diorio's motion to dismiss state-law tort claims, because his defense relied on matters outside the pleading. Id. at *6. At the same time, the Court denied without prejudice Plaintiff's motion to amend the Complaint, because the proposed Amended Complaint included allegations that Dr. Diorio and others acted under color of state law. Id. The Court granted Plaintiff leave to file one final motion to amend, with a proposed Amended Complaint that cured all deficiencies previously noted in the Court's opinions and orders, but ordered Plaintiff to refrain from filing such a motion until the Court ruled on the

5

present motion. Id. at *6 n.8; see also Order, Catlett v. New Jersey State Police, No. 12-153 (D.N.J. Mar. 11, 2013), ECF No. 47 at 1-2.

In this motion to dismiss, the Vineland Defendants argue that the constitutional claims must be dismissed because the Vineland Defendants had probable cause to "seize" Plaintiff and they acted to protect and preserve Plaintiff's physical safety. (Def. Mot. at 2-3.) The Vineland Defendants also argue that (1) the VPD is not a proper defendant, (2) Vineland EMS is not a state actor, (3) Plaintiff has not stated a proper claim against a municipal entity, and (4) state-law claims should be dismissed because the Defendants acted reasonably or Plaintiff's pleading is otherwise deficient. (Id. at 3-6.) Plaintiff opposes the motion. [Docket Item 50.] The Vineland Defendants did not file a reply in support of their motion.

## III. Standard of review

Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the same assumption of truth. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks omitted). Pro se filings must be liberally construed. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).

## IV. Discussion

### A. Whether Plaintiff has stated constitutional claims

The Vineland Defendants seek to dismiss all claims under 42 U.S.C. § 1983 and analogous claims under the New Jersey Constitution. They advance several theories supporting dismissal. First, the Defendants construe the Complaint as alleging a violation of the Fourth Amendment and therefore argue that dismissal is appropriate because any seizure that occurred was reasonable in the circumstances. (Def. Mot. at 2-3, 5.) Second, Defendants argue that a "municipal police department is not a proper defendant in a case under 42 U.S.C. § 1983." (Id. at 3.)

Third, Defendants contend that Vineland EMS is not a state actor, and therefore any claim that requires a showing of action under color of state law must be dismissed. (Id. at 4.) Finally, Defendants argue that Plaintiff fails to plead that she suffered injury as a result of any action by an official within the VPD or Vineland EMS or that a policy or custom of the VPD or Vineland EMS caused her injuries. (Id. at 5.) Because § 1983 does not permit liability on the basis of respondeat superior, Plaintiffs urge dismissal. (Id. at 4-5.)

Plaintiff responds that Defendants acted unreasonably. (Pl. Opp'n at 2-3.) She asserts that if the police or EMTs were taking Plaintiff for mental health screening against her will, New Jersey law requires she be taken to a screening service, which the Regional Medical Center was not. (Id. at 2-3, citing N.J. Stat. Ann. § 30:4-27.1, et seq., and Fair Oaks Hosp. v. Pocrass, 628 A.2d 829, 833 (N.J. Super. Ct. Law Div. 1993).) Plaintiff also argues that the EMTs "acted upon the direction and instruction of the Vineland Police Officers" and "assum[ed] the duty of law enforcement" when transporting Plaintiff to the medical center. (Id. at 3.) Therefore, she argues, the EMTs "became state actors." (Id.) Finally, Plaintiff responds to the charge that she failed to identify a policy or custom by stating that to "determine whether this is a local policy, practice or

custom . . . requires discovery."[2] (Id.)

As an initial matter, the Court observes that police departments and municipalities are treated as a single entity for purposes of § 1983, and courts in the Third Circuit frequently dismiss claims against police departments or grant summary judgment in their favor when those departments are sued in conjunction with the municipalities. See, e.g., Trafton v. City of Woodbury, 799 F. Supp. 2d. 417, 429 (D.N.J. 2011) (granting summary judgment in favor of the police department when it was sued in conjunction with the city); Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004) (affirming summary judgment for the same reason); Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) (stating a municipality and a police department are to be treated as a single entity for § 1983 claims). Here, however, Plaintiff has not sued the City of Vineland in conjunction with the VPD, so there is no concern

---

[2] Plaintiff also advances the argument that "certain factual assertions [that] were made in my Complaint" were repeated in this Court's two previous opinions and therefore "are res judicata." (Id.) The doctrine of res judicata applies only when there is a final judgment on the merits in a prior suit involving the same parties and a subsequent suit is brought on the same cause of action. Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011). Res judicata does not apply in this case. When a court addresses a dismissal motion, its opinion repeats the factual statements of a plaintiff's complaint as if they were true for purposes of determining whether the complaint states a claim that can be tested in court. Such facts are neither established nor adjudicated during the motion to dismiss; they are merely assumed for the sake of conveying the plaintiff's allegations.

about cumulative claims. To the extent that Defendants suggest
the Court must dismiss claims against the police department
because the police department is somehow immune from suit under §
1983, they are mistaken. The Court, at most, needs to construe
the Complaint, which does not name the city as a defendant, as
bringing an action against the City of Vineland. See N.J. Stat.
Ann. § 40A:14-118 (providing that municipalities may establish
police forces as "an executive and enforcement function of
municipal government").[3]

The Court assumes for present purposes, but does not hold,
that the Complaint states a claim for a violation of the Fourth
or Fourteenth Amendments. See Groman v. Twp. of Manalapan, 47
F.3d 628, 636 (3d Cir. 1995) ("A false imprisonment claim under
42 U.S.C. § 1983 is based on the Fourteenth Amendment protection
against deprivation of liberty without due process of law" and
"is grounded in the Fourth Amendment's guarantee against

---

[3] Defendants have not argued that the police are immune from
state-law claims based on immunity from N.J. Stat. Ann. § 30:4-
27.7. See Browne v. Kimball Med. Ctr., No. L-3054-02, 2005 WL
2510226, at *6 (N.J. Super. Ct. App. Div. Oct. 12, 2005)
(recognizing absolute immunity for police officers involved in
the commitment of an individual so long as they "'acted in good
faith and took reasonable steps' in the assessment, detainment
and transportation of the individual in the course of obtaining
mental health treatment for the individual"). Therefore, the
Court need not consider the statutory immunity further. Of
course, a "state statute that creates immunity from suit under
state law does not define the scope of immunity from suit under
federal law." Bates v. Paul Kimball Hosp., 346 F. App'x 883, 885
(3d Cir. 2009).

unreasonable seizures").[4] Under federal and New Jersey law, a plaintiff states a claim for false imprisonment by demonstrating (1) she was detained and (2) the detention was unlawful, but the existence of probable cause defeats a claim of false imprisonment. <u>Tringali v. Twp. of Manalapan</u>, No. 12-4597, 2013 WL 1701764, at *2 (D.N.J. Apr. 18, 2013).

Construing the facts of the Complaint and drawing all reasonable inferences in favor of Plaintiff, the police received an unsubstantiated, anonymous tip that Plaintiff had posted suicidal thoughts on Facebook. Plaintiff contends that the anonymous tip to the State Police and the relay of the information to local police was "false," arguably permitting the inference that the alleged post on Facebook could not properly be

---

[4] The Court also assumes, without holding, that Vineland EMS acted under color of state law. The Court disagrees with Defendants' contention that the "Complaint contains no allegation that the Vineland EMS acted in concert with any state actor." (Def. Mot. at 4.) It seems obvious from the Complaint that Plaintiff alleges Vineland EMS acted in concert with the VPD to deprive her of constitutional rights. (<u>See</u> Compl. ¶ 14 (stating she was removed from her home by police officers and EMTs).)

The Court observes that EMTs have been found to be state actors in other Third Circuit cases. <u>See, e.g.</u>, <u>Rivas v. City of Passaic</u>, 365 F.3d 181, 200-01 (3d Cir. 2004) (finding two EMTs were state actors). However, whether a private individual acts under color of state law is a fact-specific inquiry. <u>Groman</u>, 47 F.3d at 638. The plaintiff bears the burden of proof on the issue of whether an individual acts under color of state law. <u>Id.</u> Plaintiff's Complaint does not contain factual allegations that illuminate whether Vineland EMS was a state actor. As discussed herein, because Plaintiff will be granted leave to amend her Complaint, Plaintiff's amended complaint should include facts from which it may be reasonably inferred that Vineland EMS was a state actor for purposes of § 1983.

characterized as suicidal or even that the post never existed. Plaintiff asserts that she was calm, peaceful and gave no indication that she was suicidal when the police and EMTs arrived at her residence. The Complaint permits the inference that Plaintiff declined medical attention by the EMTs. The Defendants removed Plaintiff from her home against her will and took her to a medical center in apparent contravention of state law. See N.J. Stat. Ann. § 30:4-27.6 (stating that a "local law enforcement officer shall take custody of a person and take the person immediately and directly to a screening service if: a. On the basis of personal observation, the law enforcement officer has reasonable cause to believe that the person is in need of involuntary commitment to treatment[.]"). Although evidence may exist to show that Defendants acted reasonably, the Complaint itself does not appear to compel the conclusion that Defendants acted reasonably in the circumstances.

The Court need not decide the issue, however, because, even assuming the Vineland Defendants acted unreasonably and unlawfully, Plaintiff fails to assert facts from which it may reasonably be inferred that a municipal policy or custom caused Plaintiff's injury, and, therefore, Plaintiff fails to state a claim under § 1983 and analogous state law against the Vineland Defendants. It is well established that municipalities cannot be

liable under § 1983 on the basis of respondeat superior.[5] <u>See</u>
<u>B.S. v. Somerset Cnty.</u>, 704 F.3d 250, 261 n.21 (3d Cir. 2013)
(stating municipal liability under § 1983 cannot be based upon
respondeat superior and that, to state a claim, the plaintiff
must allege that the execution of a government policy or custom
inflicted the plaintiff's injury); <u>Kelly v. Borough of Carlisle</u>,
622 F.3d 248, 263 (3d Cir. 2010) (affirming dismissal of claims
against a municipality for failure to identify a policy that
amounted to deliberate indifference of the plaintiff's
constitutional rights). Consequently, Plaintiff only states a
claim against the Vineland Defendants under § 1983 and analogous
state law if she alleges a municipal policy or custom caused her
injury. <u>See</u> <u>Mulholland v. Cnty. of Berks</u>, 706 F.3d 227, 237 (3d
Cir. 2013) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658
(1978)); <u>see</u> <u>also</u> <u>Ingram v. Twp. of Deptford</u>, No. 11-2710, 2012
WL 5984685, at *8 (D.N.J. Nov. 28, 2012) (stating that New Jersey
courts interpret the New Jersey Civil Rights Act as analogous to
§ 1983 and holding that the New Jersey Constitution does not
permit claims against municipalities on the basis of respondeat
superior) (citing <u>C.P. ex rel. J.P. v. Twp. of Piscataway Bd. of</u>

---

[5] In other words, an employer or supervisor cannot be liable
for the actionable conduct of an employee or subordinate based
solely on the relationship between the employer and employee or
the supervisor and subordinate. To put this in terms used by
Plaintiff in her Complaint, there can be no vicarious liability
for municipalities under § 1983.

<u>Educ.</u>, 681 A.2d 105, 112 (N.J. Super. Ct. App. Div. 1996), among others).

Plaintiff does not contend that her Complaint identifies a municipal policy or custom that caused her injury. Rather, she suggests that articulating such a policy or custom without the benefit of discovery is impossible. (Pl. Opp'n at 3.) To the contrary, the Third Circuit requires a plaintiff to "identify a custom or policy, and specify what exactly that custom or policy was" in his or her complaint. <u>McTernan v. City of York</u>, 564 F.3d 636, 658 (3d Cir. 2009); <u>see also</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 135 (3d Cir. 2010) (affirming dismissal of claims against a municipality because the amended complaint failed to identify what action a municipal official took "that could fairly be said to be policy"); <u>Lapella v. City of Atl. City</u>, No. 10-2454, 2012 WL 2952411, at *5 (D.N.J. July 18, 2012) ("Factual allegations must give notice . . . 'as to the alleged policy and custom of the municipality as issue.'") (citing <u>Muller v. Bristol Twp.</u>, No. 09-1086, 2009 WL 3028949, at *4 (E.D. Pa. Sept. 17, 2009)). Having failed to identify any municipal policy or custom, Plaintiff fails to state a claim under § 1983 and analogous state law. Therefore, all constitutional claims against the Vineland Defendants must be dismissed.

Because this Court will permit Plaintiff to file one final motion to amend the Complaint, <u>see</u> <u>Catlett</u>, 2013 WL 941059, at *6

14

n.8, the dismissal of the constitutional claims will be without prejudice. Plaintiff may attempt to plead an unconstitutional policy or custom in her proposed Amended Complaint, should she choose to file one against the municipal defendants.

**B. Whether Plaintiff states a claim under New Jersey law**

In addition to the state-law claims analogous to § 1983, which the Court dismissed above, Plaintiff alleges that both the VPD and Vineland EMS were negligent in hiring, training and supervising its officers and EMTs, respectively. (Compl. ¶¶ 30, 35.) Defendants argue that these claims must be dismissed because Plaintiff has not pleaded the municipality knew or should have known of the police officer's "'dangerous propensities and the risk of injury he or she presents to the public.'" (Def. Mot. at 6, quoting Denis v. City of Newark, 704 A.2d 1003, 1008 (N.J. Super. Ct. App. Div. 1998).) Defendants deny that any "police officer acted in a way that risked injury to the Plaintiff. Even if an officer acted in such a manner, Plaintiff has not alleged that the City of Vineland or its Police Department knew or should have know[n] of dangerous tendencies of any officer involved with the incident in question." (Def. Mot. at 6.) Regarding the EMTs, Defendants likewise maintain that "there is no allegation of any negligent or dangerous act on their part which could then support a claim against Vineland EMS for negligent hiring." (Id.) Defendants move for dismissal. (Id.) Plaintiff does not directly

address these arguments in her opposition.

In New Jersey, an employer is liable for negligent hiring when an employee commits a tort beyond the scope of her employment and the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." Denisco v. Boardwalk Regency Corp., No. 10-3612, 2013 WL 179484, at *3 (D.N.J. Jan. 16, 2013) (citing Di Cosala v. Kay, 450 A.2d 508, 516 (N.J. 1982)). The employee's incompetence, unfitness or dangerous characteristics also must proximately cause the injury. Id.

Plaintiff's Complaint does not allege facts which permit an inference that the VPD or Vineland EMS knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of its employees, or that these characteristics caused Plaintiff's injuries. Therefore, to the extent the Complaint alleges negligent hiring against the Vineland Defendants, those claims are dismissed without prejudice to amending the Complaint.

The torts of negligent supervision and negligent training both require that the plaintiff show a duty, breach of duty, causation and injury. Id. at *4-*5 (citing Stroby v. Egg Harbor Twp., 754 F. Supp. 2d 716, 721 (D.N.J. 2010) and Dixon v. CEC Entm't Inc., No. L-4087-04, 2008 WL 2986422, at *18 (N.J. Super. Ct. App. Div. Aug. 6, 2008)). At the very least, Plaintiff's

Complaint is devoid of any facts that permit the inference that the Vineland Defendants breached their duty to Plaintiff or that such a breach caused Plaintiff's injury. There are no facts that suggest the Vineland Defendants were derelict in their duties to train or supervise their officers and EMTs in this instance.

Therefore, the remaining state-law claims against the Vineland Defendants will be dismissed without prejudice.

As previously discussed, Plaintiff may file one final motion to amend the Complaint, along with a proposed Amended Complaint curing the deficiencies noted in this Opinion, the Opinion of March 11, 2013, and the Opinion of August 28, 2012. Plaintiff must file the motion to amend within fourteen (14) days of the date of entry of this Opinion and Order. See Catlett, 2013 WL 941059, at *6 n.8 (alerting Plaintiff to this order and schedule). Plaintiff's failure to cure deficiencies noted by this Court will result in dismissal of those claims with prejudice.

## V. Conclusion

For the reasons explained above, Defendants' motion to dismiss will be granted without prejudice, and Plaintiff will be granted leave to file a motion to amend consistent with this Opinion. Any motion to amend must be accompanied by the proposed Amended Complaint, as required in Local Civil Rule 7.1(f), and

the Amended Complaint serves to take the place of all previous pleadings. An accompanying Order will be entered.


**May 20, 2013**                           **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge