```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AMY K.Z. CATLETT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 12-153 (JBS/AMD) |
| NEW JERSEY STATE POLICE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Ms. Amy K.Z. Catlett
3137 Swan Drive
Vineland, NJ 08361
    Plaintiff Pro Se

**SIMANDLE,** Chief Judge:

I. **INTRODUCTION**

    Plaintiff Amy K.Z. Catlett, pro se, brings this suit alleging a series of constitutional and common law tort claims against the City of Vineland Police Department ("VPD"), Vineland Emergency Medical Service ("VEMS"), several named New Jersey State Police ("NJSP") troopers, Vineland police officers and emergency medical technicians ("EMTs"), a nurse, a doctor, a medical center, and other unidentified individuals. Plaintiff claims she was tortiously and unconstitutionally detained by police and medical professionals and was administered unwanted

medical treatment upon suspicion that she was suicidal. Before the Court is Plaintiff's motion to amend her Complaint. [Docket Item 53]. No opposition to the Plaintiff's motion to amend has been filed.

The key inquiry before the Court is whether Plaintiff's Proposed Amended Complaint cures the deficiencies noted by the Court in its previous opinions [Docket Items 30, 46, & 51]. For the reasons explained below, Plaintiff's motion to amend will be granted in part and denied in part.

## II. BACKGROUND

**A. Facts**

Plaintiff's factual allegations, accepted as true, indicate that in the early morning hours of November 21, 2009, she was arrested and detained by unidentified troopers of the Defendant NJSP in connection with an unspecified motor vehicle offense. (Compl. ¶ 4.) She claims she was detained by the troopers longer than necessary, including for some unspecified period of time after they had decided not to charge her with the offense, but she was released from custody while it was still in the "early morning hours." (Id. ¶¶ 5-10.)

Then, approximately twelve hours later, in the afternoon of the same day, a state trooper ("Trooper Scott") received an anonymous tip that Plaintiff had threatened to harm herself in a post on an internet site, and Trooper Scott passed on this

2

information to an individual working for Defendant Vineland Police Department. (Id. ¶ 13.) In response, some (unidentified) Vineland police officers and Vineland EMTs arrived at Plaintiff's residence, "removed [her] from her home and forced [her] to go to [Defendant's] South Jersey Healthcare-Regional Medical Center in Vineland ..." (Id. ¶ 14.) While there, Plaintiff claims she was forcibly restrained and physically injured by Defendant Nurse Diane Stavoli, apparently on the orders of Defendant Dr. Dominic Diorio, and was provided care that was inappropriate in certain unspecified ways. (Id. ¶¶ 14, 38-43.) She was eventually discharged that same evening. (Id. ¶ 18.)

### B. Procedural History

Plaintiff, who is admitted to practice law in the State of New Jersey,[1] brought the current suit, pro se, in New Jersey Superior Court, and Defendants removed the matter to this Court based on federal question jurisdiction and supplemental jurisdiction. [Docket Item 1]. Following a motion for dismissal and summary judgment by Defendant NJSP, the Court terminated the NJSP from the suit. Catlett v. New Jersey State Police, No. 12-153, 2012 WL 3757005, at *1-*2 (D.N.J. Aug. 28, 2012). The Court also denied a simultaneous motion to dismiss all common law

---

[1] Plaintiff certifies to this court that she is "an Attorney-at-Law of the State of New Jersey." [Docket Item 53-2, at 25].

3

claims against Defendant Diorio, finding that Plaintiff substantially complied with the New Jersey's Affidavit of Merit Statute. Id. at *6. In the same Opinion, the Court denied without prejudice Plaintiff's cross-motion for leave to file an amended complaint, because the then Proposed Amended Complaint repeated the deficient claims against Defendant NJSP.[2] Id. at *4.

Later, Defendant Diorio filed a second motion to dismiss, joined by Defendants Stavoli and South Jersey Healthcare ("SJH"), and Plaintiff again opposed the motion and cross-moved to amend her complaint. [Docket Item 29]. Catlett v. New Jersey State Police, No. 12-153, 2012 WL 941059, at *2 (D.N.J. Mar. 11, 2013). The Court dismissed with prejudice all 42 U.S.C. § 1983 and New Jersey Civil Rights Act ("NJCRA") claims against Defendants Diorio, Stavoli, and SJH, because Plaintiff did not and could not plead that those Defendants acted under color of state law. Id. at *4. However, the Court denied without prejudice Defendants motion to dismiss the state law claims against them. Id. at *6. The Court also denied without prejudice Plaintiff's motion to amend because the then Proposed Amended

---

[2] Subsequent to filing her motion for leave to amend her complaint, Plaintiff filed a Second Proposed Amended Complaint that would have added claims against the medical defendants. [Docket Item 17]. The Second Proposed Amended Complaint, however, repeated the same claims against the NJSP that the Court had dismissed with prejudice. Finding that the Second Proposed Amended Complaint suffered from the same deficiencies as the Proposed Amended Complaint, the Court denied Plaintiff's motion for leave to amend. [Docket Item 30, at 10 n.3].

4

Complaint included the same deficient allegations that Defendant Diorio and the other medical Defendants acted under color of state law. Id. After briefing had concluded on these motions, but before the Court issued its Opinion and Order [Docket Items 47 & 48], Defendants VPD and VEMS filed a separate motion to dismiss. [Docket Item 43]. The Court instructed Plaintiff to not move to amend her complaint again until after an Opinion had been issued on the separate motion to dismiss made by Defendants VPD and VEMS.[3] Catlett, 2012 WL 941059, at *6 & n.8.

The Court dismissed without prejudice the claims against the Vineland Defendants because the complaint failed to allege facts that would create a plausible basis for a cause of action under § 1983, NJCRA, or any of the state law tort claims that were alleged: negligent hiring, training and/or supervision. [Docket Item 51, at 17].

Plaintiff timely filed the instant motion to amend and included a Proposed Amended Complaint in accordance with Local Rule 7.1(f). [Docket Item 53].

### C. Plaintiff's Current Proposed Amended Complaint

Plaintiff's current Proposed Amended Complaint contains 10 Counts.[4] Count One seeks damages against individual NJSP troopers

---

[3] The Court has instructed Plaintiff that an Amended Complaint serves as the operative pleading and takes the place of all previous pleadings. [Docket Item 51, at 18].

5

for Plaintiff's allegedly unlawful detention during the early morning hours on November 21, 2009. [Docket Item 53, Ex. A, ¶¶ 3-12]. Count Two seeks damages from all defendants except Dr. Diorio, Nurse Stavoli and SJH, for Plaintiff's allegedly unlawful removal from her house, restraint at a SJH facility, and injurious care in the afternoon and evening of November 21, 2009. [Id. ¶¶ 13-33]. Counts Three and Four seek damages against VPD and VEMS for negligent hiring and failure to train and supervise its officers and EMTs. [Id. ¶¶ 34-43].

Counts Five and Six seek damages against individual NJSP troopers, VPD officers and EMTs for federal and state constitutional deprivation claims arising under 42 U.S.C §§ 1983 & 1985, and the NJCRA, respectively. [Id. ¶¶ 44-51].

Count Seven seeks damages against Dr. Diorio, Nurse Stavoli and SJH for Plaintiff's alleged restraint at a SJH facility and injurious care in the afternoon and evening of November 21, 2009. [Id. ¶¶ 52-59]. Count Eight seeks compensatory and punitive damages against Dr. Diorio, Nurse Stavoli, and SJH for intentional infliction of emotional distress. [Id. ¶¶ 60-63].

---

[4] Plaintiff's Proposed Amended Complaint is separated into 10 individual counts, but it is not entirely clear which claims are being alleged in each count. The Proposed Amended Complaint is not a model of clarity. Accordingly, the Court has made efforts to construe each Count to be indicative of particular causes of action. However, the Plaintiff should be given all reasonable inferences in her favor, and the Court will analyze Plaintiff's Proposed Amended Complaint in its entirety for the purposes of this Opinion.

Count Nine names the same defendants as Count Eight and seeks damages for medical malpractice. [Id. ¶¶ 64-72]. Finally, Count Ten seeks damages against SJH for negligent hiring and failure to train and supervise its employees. [Id. ¶¶ 73-77].

III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 provides that, under the present circumstances, "a party may amend [its] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although amendments should be liberally granted, it is within the court's discretion to deny motions to amend. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

Reasons to deny amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment...." Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies

7

under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington, 114 F.3d at 1434).

Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the same assumption of truth. Bistran v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks omitted).

Pro se filings should be liberally construed by courts. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that

a pro se complaint, even if inartfully pleaded, is subject to less stringent standards than those applied to pleadings written by lawyers). The safeguards of the lower pleading standard for pro se litigants apply even if the pro se litigant is a lawyer. See Kay v. Ehrler, 499 U.S. 432, 437 (1991) ("Even a skilled lawyer who represents himself is at a disadvantage in contested litigation."). Where the plaintiff is also a lawyer, however, the plaintiff's ability to understand the Court's directives and to bring her pleadings into compliance with those orders will be presumed and required.

## IV. **DISCUSSION**

Because the Plaintiff's instant motion to amend her complaint is unopposed, the Court is inclined to grant the motion. However, the Court will address the merits of the Proposed Amended Complaint to ensure compliance with its previous Opinions and Orders in this case.

### A. Plaintiff's Constitutional False Imprisonment Claims Against Defendants Diorio, Stavoli, and SJH

In the Opinion and Order of March 11, 2013, Catlett, 2012 WL 941059, at *4, this Court dismissed with prejudice all constitutional false imprisonment claims against Defendants Diorio, Stavoli, and SJH because Plaintiff did not and could not plead that they were state actors for the purposes of § 1983 and NJCRA. See West v. Atkins, 487 U.S. 42, 48-49 (1988) (to state a

9

cause of action under § 1983 a plaintiff must allege a constitutional violation was committed by a person acting under color of state law); Gonzalez v. Auto Mall 46, Inc., Nos. 2412-09 & 216-10, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012) (New Jersey courts consistently interpret NJCRA analogously to § 1983).

The Court construes Count Seven of Plaintiff's Proposed Amended Complaint to allege constitutional false imprisonment claims arising under § 1983 and NJCRA against Defendants Diorio, Stavoli, SJH, and other Defendants for the events that occurred in the afternoon and evening hours of November 21, 2009. [Docket Item 53, ¶¶ 52-59]. To the extent that the Proposed Amended Complaint alleges constitutional claims against Defendants Diorio, Stavoli, and SJH, it brings claims analogous to the claims already dismissed with prejudice by this Court. Amendment of Count Seven would be futile because Plaintiff has not pleaded that Defendants Diorio, Stavoli and SJH are state actors. Therefore, the Court will deny Plaintiff's motion to amend as to all § 1983 and NJCRA claims brought against Defendants Diorio, Stavoli, and SJH in the Proposed Amended Complaint.

### B. Plaintiff's Constitutional False Imprisonment Claims Against Defendants VPD and VEMS

The Court previously denied Plaintiff's constitutional false imprisonment claims against Defendants VPD and VEMS

because Plaintiff failed to plead facts that permitted a reasonable inference that a particular municipal policy or custom utilized by VPD or VEMS was unconstitutional.[5] [Docket Item 51, at 12, 14-15]; see B.S. v Somerset Cnty., 704 F.3d 250, 261 n.21 (3d Cir. 2013) (liability under § 1983 and NJCRA cannot be extended to a municipality based on respondeat superior unless the execution of a government policy or custom inflicted the plaintiff's injury); McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was" in the complaint).

The Court construes Count Three of Plaintiff's Proposed Amended Complaint to allege constitutional false imprisonment claims against VPD for the events that occurred in the afternoon of November 21, 2009 and Count Four of the Proposed Amended Complaint to allege the same claims against VEMS. Plaintiff's Proposed Amended Complaint, however, does not correct the deficiencies noted by the Court in its Opinion and Order of May 20, 2013. Specifically, Plaintiff again neglects to plead facts from which it may be reasonably inferred that a particular custom or policy existed and was utilized by either the VPD or

---

[5] The Court also noted that Plaintiff failed to plead facts from which it could be reasonably inferred that that VEMS acted as a state actor for the purposes of § 1983. [Docket Item 51, at 11 n.4]. Plaintiff's Proposed Amended Complaint suffers from the same infirmity here.

11

the VEMS. Although Plaintiff alleges that the VPD and VEMS "implement[ed] and/or adher[ed] to a policy or custom...[that] was established with deliberate indifference to the rights of Plaintiff and others" [Docket Item 53, ¶¶ 37 & 42], such a statement is merely a legal conclusion and is not entitled to an assumption of truth for the purposes of this motion. Iqbal, 556 U.S. at 681 (stating that allegations that are conclusory are "not entitled to be assumed true," citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007)). Plaintiff does not plead facts from which it may be inferred that her injuries were the result of officers or EMTs adhering to a particular custom or policy, as required by Third Circuit precedent. McTernan, 564 F.3d at 568.

Accordingly, Plaintiff fails to satisfy the pleading requirements for claims arising under § 1983 and the NJCRA against Defendants VPD and VEMS. The constitutional claims in Plaintiff's Proposed Amended Complaint suffer from the same deficiencies noted earlier by this Court, and amendment would be futile. Therefore, the Court will deny Plaintiff's motion to amend as to the constitutional false imprisonment claims alleged against Defendants VPD and VEMS in the Proposed Amended Complaint.

### C. Plaintiff's State Law Claims against Defendants VPD and VEMS

The Court previously dismissed negligent hiring claims against VPD and VEMS because Plaintiff's complaint did not contain factual allegations from which a reasonable inference could be drawn that either the VPD or the VEMS knew or had reason to know, at the time of hiring, of the particular unfitness, incompetence or dangerous attributes of its employees, or that those characteristics caused Plaintiff's injuries. Catlett v. New Jersey State Police, No. 12-153, 2013 WL 2181273, at *7 (D.N.J. May 20, 2013); see also Denisco v. Boardwalk Regency Corp., No. 10-3612, 2013 WL 179484, at *3 (D.N.J. Jan. 16, 2013) (an employer is liable for negligent hiring when an employee commits a tort beyond the scope of her employment and the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm" and proximately caused plaintiff's injuries). This Court also dismissed the negligent training and supervision claims against Defendants VPD and VEMS because Plaintiff failed to allege specific facts that permit the inference that either the VPD or the VEMS breached their duties to train or supervise their officers and EMTs during the events giving rise to the injuries alleged. Catlett, 2013 WL 2181273, at *7.

Plaintiff's Proposed Amended Complaint again alleges that VPD and VEMS were negligent in hiring, training and supervising its officers and EMTs, respectively. However, Plaintiff fails to correct the deficiencies noted by this Court. Specifically, the Proposed Amended Complaint does not contain factual allegations from which a reasonable inference can be drawn that either the VPD or VEMS knew or had reason to know, at the time of hiring, of the particular unfitness, incompetence or dangerous attributes of its employees, or that those characteristics caused Plaintiff's injuries. Plaintiff again fails to plead any factual grounds that make her claim of negligent hiring of these officers plausible. Accordingly, Plaintiff's negligent hiring claims against Defendants VPD and VEMS exhibit the same deficiencies noted by this Court's previous Opinion. Since amendment would be futile, the Court will deny the motion to amend as to all negligent hiring claims against Defendants VPD and VEMS in Plaintiff's Proposed Amended Complaint.

Similarly, the negligent supervision and negligent training claims alleged in the Proposed Amended Complaint fail to allege specific facts that permit the inference that either the VPD or the VEMS were derelict in their duties to train or supervise their officers and EMTs during the events giving rise to the injuries alleged. Since Plaintiff's claims are still deficient, the Court will deny the motion to amend as to the negligent

training and supervision alleged against Defendants VPD and VEMS in the Proposed Amended Complaint.[6]

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend will be granted in part and denied in part. The motion to amend will be denied as to all constitutional false imprisonment claims and state law claims against Defendants VPD and VEMS and as to all § 1983 and NJCRA claims against Defendants Diorio, Stavoli and SJH. Plaintiff's motion to amend will be granted with respect to all other claims. Plaintiff must remove from the Proposed Amended Complaint the claims and parties that have been dismissed in this Court's opinion, and then Plaintiff must file the reduced Amended Complaint with the Clerk of Court and serve same upon each defendant, all within 14 days of the entry of the accompanying order.

The parties are reminded that the Amended Complaint will be the operative pleading in this matter. Plaintiff is instructed to effectuate service of process on the newly joined parties in accordance with the Local Rules.

---

[6] The Court has construed to Proposed Amended Complaint to allege only constitutional false imprisonment claims and state law tort claims for negligent hiring, training and supervising against Defendants VPD and VEMS. Since none of these claims will survive Plaintiff's instant motion to amend, the Court will terminate Defendants VPD and VEMS as parties in this matter.

The accompanying order will be entered.

**July 31, 2013**                       **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                 Chief U.S. District Judge