```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AMY K.Z. CATLETT, | : HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | : |
| | : CIVIL NO. 12-153 (JBS/AMD) |
| v. | : |
| NEW JERSEY STATE POLICE, et al., | : **OPINION** |
| Defendants. | : |

APPEARANCES:

Ms. Amy K.Z. Catlett
3137 Swan Drive
Vineland, NJ 08361
    Plaintiff Pro Se

Paola F. Kaczynski, Esq.
WILLIAM J. FERREN & ASSOCIATES
1500 Market Street Suite 2920
Philadelphia, PA 19102
    Attorney for Defendants City of Vineland Police Department
    & Vineland Emergency Medical Service

**SIMANDLE,** CHIEF JUDGE:

I. **INTRODUCTION**

    Plaintiff Amy K.Z. Catlett, pro se, brings this suit alleging a series of constitutional and common law tort claims against the City of Vineland Police Department ("VPD"), Vineland Emergency Medical Service ("VEMS"), several named New Jersey State Police ("NJSP") troopers, Vineland police officers and

emergency medical technicians ("EMTs"), a nurse, a doctor, a medical center, and other unidentified individuals. Plaintiff claims she was tortiously and unconstitutionally detained by police and medical professionals and was administered unwanted medical treatment upon suspicion that she was suicidal. Before the Court is Plaintiff's motion for reconsideration and/or remand to state court. [Docket Item 56.] Defendants VPD and VEMS oppose this motion. [Docket Item 57.]

The key inquiries for the Court are (1) whether the Court made a clear error of law by overlooking Plaintiff's description of an alleged policy or custom in her proposed Amended Complaint, and (2) whether this matter should be remanded to the state courts because there are no remaining federal claims. For the reasons explained below, the Court will deny the motion for reconsideration and will not remand this matter to the state courts, as some federal claims remain.

## II. BACKGROUND

The facts and procedural history of this case have been recounted at length in the Court's previous opinions.[1] The Court incorporates them here by reference. In brief, Plaintiff

---

[1] Catlett v. New Jersey State Police, No. 12-153, 2012 WL 3757005, at *1-*2 (D.N.J. Aug. 28, 2012); Catlett v. New Jersey State Police, No. 12-153, 2013 WL 941059, at *1-*2 (D.N.J. Mar. 11, 2013); Catlett v. New Jersey State Police, No. 12-153, 2013 WL 2181273, at *1-*2 (D.N.J. May 20, 2013); Catlett v. New Jersey State Police, No. 12-153, 2013 WL 3949022, at *1-*2 (D.N.J. July 31, 2013).

2

alleges, among other things, that she was forcibly removed from her home after the VPD received an anonymous tip that she might be suicidal, and, with VEMS, transported her to South Jersey Healthcare Regional Medical Center ("SJRMC"). Plaintiff claims that the VPD had no legitimate reason to think she was suicidal, that she was improperly removed from her home against her will, and that SJRMC was not a proper screening facility.

On May 20, 2013, the Court dismissed without prejudice the claims against the VPD and VEMS ("Vineland Defendants") because the complaint failed to allege facts that would create a plausible basis for a cause of action under § 1983, NJCRA, or any of the state law tort claims that were alleged. Catlett, 2013 WL 2181273, at *7. The Court held that Plaintiff failed to plead facts that illuminated whether VEMS was a state actor, id. at *4 n.4, and failed to plead facts from which a reasonable inference could be drawn that a policy or custom existed. Id. at *5. The Court also observed that, before the benefit of discovery, "the Third Circuit requires a plaintiff to 'identify a custom or policy, and specify what exactly that custom or policy was' in his or her complaint." Id. at *6 (citing McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009)). The Court then permitted Plaintiff to file one final motion to amend her Complaint to cure these deficiencies. Id. at *7. Plaintiff so filed.

On July 31, 2013, the Court denied Plaintiff's motion to amend as to all constitutional false imprisonment claims and state law claims against Defendants VPD and VEMS, because Plaintiff failed to plead facts that permitted a reasonable inference that a particular municipal policy or custom utilized by VPD or VEMS was unconstitutional. Catlett, 2013 WL 3949022, at *4. The Court noted that Plaintiff again failed to plead facts from which it could be reasonably inferred that VEMS was a state actor. Id. at *4 n.5. The Court also denied Plaintiff's motion to amend as to all § 1983 and NJCRA claims against Defendants Diorio, Stavoli and SJH because Plaintiff failed to plead that they were state actors. Id. at *6. The Court granted Plaintiff's motion to amend with respect to all other claims. Id.

Plaintiff now requests that the Court reconsider the dismissal of the Vineland Defendants, VPD and VEMS, from this case because she alleges that the court overlooked a description of the alleged unconstitutional policy and custom in her Proposed Amended Complaint. (Pl. Mot. Br. at 1.)

## III. STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling

legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).

To prevail on a motion for reconsideration, Plaintiff must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999); see also D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 206-07 (D.N.J. 2012). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal citations omitted). The standard of review is "quite high" and "relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters which the party believes the Court has "overlooked." See Carney v. Pennsauken Twp. Police Dep't, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). Rule 7.1(i) does not allow parties to restate arguments

that the Court has already considered and rejected. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

**IV. DISCUSSION**

The Court will deny Plaintiff's motion for reconsideration. Plaintiff does not allege an intervening change in the controlling law or the existence of new evidence. Rather, Plaintiff brings her motion on the grounds that the Court made clear errors of law or fact by overlooking certain aspects of her Proposed Amended Complaint. For the reasons explained below, her argument is without merit.

**A. Whether the Court has overlooked certain aspects of Plaintiff's Proposed Amended Complaint.**

Plaintiff requests that the Court reconsider the dismissal of the Vineland Defendants, VPD and VEMS. Plaintiff asserts that the Court overlooked paragraphs 22, 37 and 42 of her Proposed Amended Complaint, which she says contain facts that permit a reasonable inference that a particular municipal policy or custom was utilized by VPD or VEMS and was unconstitutional. (Pl. Mot. Br. at 1, 4.)

Paragraph 22 of the Proposed Amended Complaint states in full: "Vineland EMTs DiNunzio (#2548) and Watson (#9083) acted solely upon the instructions of Dispatcher Tina Rivera, Vineland Police Officer J. Calio, his partner and/or John Doe Police Officers (I-X) and failed and refused to heed Plaintiff's

6

assertion that she was not in need of medical attention."
[Docket Item 53-2, ¶ 22.] Paragraph 37 adds,

> Defendant City of Vineland Police Department was further negligent, careless and/or reckless in implementing and/or adhering to a policy or custom that its officers disregard, avoid and/or circumvent laws that establish the specific actions and/or steps to be followed when an individual is alleged and/or perceived to be suffering from mental illness and/or suicidal ideation, including but not limited to those set forth in N.J.S.A. 30:4-27.1, et seq., which policy or custom was established with deliberate indifference to the rights of Plaintiff and others.

[Id. ¶ 37.] Paragraph 42 states identical allegations against Defendant Vineland EMS. [Id. ¶ 42.]

> The Third Circuit has held that a
>
> government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanently and well-settled" as to virtually constitute law.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal citations omitted). Custom requires proof of knowledge and acquiescence by the decisionmaker. McTernan, 564 F.3d at 658.

This material in the Proposed Amended Complaint was not overlooked and it fails to properly plead the existence of an illegal policy or custom. Paragraph 22 merely alleges that members of the Vineland EMS squad followed instructions of a

7

police dispatcher and police officers. Policy requires either an official proclamation, policy, or edict from someone with final decision-making authority, or proof of knowledge of, and acquiescence to, a well-settled course of conduct. Stating that the VEMS acted on the instructions of a police dispatcher and police officers is not sufficient to permit a reasonable inference that a particular municipal policy or custom was utilized.

Furthermore, although Plaintiff alleges that the VPD and VEMS customarily disregarded the required procedures for handling individuals who suffer from mental illness or suicidal ideation, [Docket Item 53-2, ¶¶ 37 & 42], such a statement is without factual support in the Proposed Amended Complaint. Plaintiff does not plead facts from which it may be inferred that her injuries were the result of officers or EMTs adhering to a particular custom or policy, as required by Third Circuit precedent. McTernan, 564 F.3d at 658; See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (requiring factual pleadings, not mere legal conclusions); see also Bistran v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Inferences must be drawn from facts accepted as true. Here, Plaintiff merely presents the legal conclusion that a policy or custom exists without pleading the facts that support such a conclusion. Therefore, it cannot be inferred that

Plaintiff's injuries were the result of the Vineland Defendants adhering to a specific custom or policy.

Pleading a single incident of illegal conduct is generally insufficient to state a claim under Monell v. Dep't of Social Svcs. of City of New York, 436 U.S. 658 (1978), where, as here, the conduct of a decision-maker with policy-setting authority is not at issue. See Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 302-03 (D.N.J. 2012) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985)). Here, Plaintiff does not plead any facts to indicate that the VPD or the VEMS have ever exhibited similar conduct outside the complained-of incident. Therefore, Plaintiff's proposed Amended Complaint does not sufficiently plead a policy or custom, and amendment will be denied as futile.

The Court has provided Plaintiff with ample opportunity to correct the deficiencies in her Complaint, but Plaintiff has repeatedly failed to augment her pleadings. Catlett, 2013 WL 3949022, at *4-*5; Catlett, 2013 WL 2181273, at *6. Moreover, even if Plaintiff had sufficiently pleaded a custom or policy, she failed to plead facts from which it could be reasonably inferred that VEMS was a state actor for the purposes of § 1983. Section 1983 provides a cause of action against a "person" who acts under color of law; the VEMS appears to be an organization, not a person. Moreover, VEMS is a private entity, which may only

be deemed to be acting under color of state law if there is a showing of conspiratorial or other concerted action between a state actor and a private party. NCAA v. Tarkanian, 488 U.S. 179 (1988); see also Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (a private action "is not converted into one under color of state law merely by some tenuous connection to state action"). As the Vineland Defendants have recognized (Def. Mot. Br. at 3), nowhere in the Proposed Amended Complaint is there an allegation that the Vineland EMS or any of its employees had an agreed-upon objective to violate Plaintiff's constitutional rights when they acted. Accordingly, Plaintiff failed to plead facts from which it could be reasonably inferred that VEMS acted as a state actor for the purposes of § 1983.

### B. Whether the Court shall exercise its discretion to adapt the pleading standards to the circumstances at hand.

Plaintiff further requests reconsideration of the dismissal of the Vineland Defendants in the interests of justice. She argues that she cannot lay out the facts more particularly in a pleading without breaching privilege or violating other privacy rights of individuals who are not parties. (Pl. Mot. Br. at 2.) Plaintiff claims that "by, through and because of [her] professional licensure, duties and activities that [she] has gleaned that what [she] stated in Paragraphs 37 and 42 of the proposed Amended Complaint is more than mere legal conclusions."

Id. Additionally, Plaintiff alleges that the required statements of fact concern mental health issues which are afforded special protections. Id.

Plaintiff asserts that "[t]he nature of the claims against VPD and VEMS, by definition, involve facts beyond [her] personal experience on November 21, 2009; and [she has] genuine reason to believe those facts exist." Id. Because Plaintiff believes that discovery will likely reveal evidence to support the claims against the Vineland Defendants, she requests that the Court exercise discretion that permits the pleading standards to be adapted to the circumstances at hand. See Top v. Ocean Petroleum, LLC, No. 10-1042, 2010 WL 3087385, at *4 (D.N.J. Aug. 3, 2010).

Despite Plaintiff's belief that discovery will likely reveal evidence that will support her claims against the Vineland Defendants, the Court cannot allow Plaintiff's claims to proceed on mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). Plaintiff's claims against the Vineland Defendants lack facial plausibility because she does not plead any underlying facts to support her legal conclusion that a policy or custom was being utilized. When determining whether a claim is plausible, the Court must consider factual allegations in the Complaint, not factual allegations withheld from the Court. The Court cannot permit amendment merely because

Plaintiff avers that the Complaint is soundly based in fact. As previously noted, Plaintiff was given an opportunity to cure the deficiencies in her complaint. She did not. Plaintiff's motion for reconsideration is denied.

**C. Whether remand to the state courts is warranted**

Plaintiff argues in the alternative that if the federal claims against the Vineland Defendants are not reinstated, then this matter should be remanded to the state courts because there are no remaining federal claims. However, Plaintiff's Proposed Amended Complaint contains additional constitutional claims against individual defendants, including alleged members of the VPD and VEMS.

Paragraph 32(d) of the Proposed Amended Complaint, for instance, states that, "Dispatcher Tina Rivera, Officer J. Calio and his partner, John Doe Police Officers (I-X), . . . EMTs DiNunzio (#2548) and Watson (#9083) and John Doe EMTs (I-X) . . . were negligent, reckless and/or malicious in that they . . . [d]eprived Plaintiff of rights and liberties guaranteed her by the Constitution of the United States . . ." [Docket Item 53-2 ¶ 32.]

Because it appears that there are still constitutional claims over which this Court has original jurisdiction, it is not appropriate to remand this matter at this time. Plaintiff's motion to remand is denied.

**V. CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration and her alternative motion for remand. An accompanying order will be entered.

**November 19, 2013**                                          **S/ Jerome B. Simandle**
Date                                                               JEROME B. SIMANDLE
                                                                           Chief U.S. District Judge